WEIMER, J.,
concurring.
|,I agree with the result and respectfully concur. I believe this case can be resolved by applying the holdings of State v. Singleton, 96-2380 (La.2/7/97), 688 So.2d 486, State ex rel. Bickman v. Dees, 367 So.2d 283, 289 (La.1978), and State v. Curtis, 363 So.2d 1375, 1379-83 (La.1978), as recognized by the majority. Because these cases are dispositive in applying the ex post facto law of Louisiana,[1] an analysis of relevant United States Supreme Court jurisprudence is unnecessary.
*787 Furthermore, State ex rel. Olivieri v. State, 00-0172 (La.2/21/01), 779 So.2d 735, is distinguishable from the instant matter since it did not involve retroactive changes in criminal punishment; rather, it addressed whether the application of the remedial provisions of Louisiana’s sex offender registration and notification laws to crimes occurring before the enactment of these provisions violate ex post facto principles. See Id., 00-0172 at 19-21, 779 So.2d at 747-48.
It is worth noting that since 1981, release of an inmate due to credit for good time has been “as if he were released on parole,” and the former inmate remains under state supervision for “the remainder of the original full term of sentence.” See La. hR.S. 15:571.5(B)(2). Thus, although released from incarceration, the former inmate will remain under state supervision for the full term of his original sentence.
For these reason, I respectfully concur.

. See La. Const, art. I, § 23.